IN THE MATTER OF REGULATION F–22 OF THE OFFICE
OF MILK INDUSTRY OF THE STATE OF NEW JERSEY.

———

HAMILTON FARMS, INC., PLAINTIFF, v. FLOYD R. HOFF-
MAN, DIRECTOR, OFFICE OF MILK INDUSTRY, DE-
FENDANT.

Argued March 8, 1960—Decided May 9, 1960.

*Mr. Edward W. Currie* argued the cause for plaintiff.

*Mr. William L. Boyan,* Deputy Attorney General, argued the cause for defendant (*Mr. David D. Furman,* Attorney General, attorney).

PER CURIAM. On March 14, 1958 the Director of the Office of Milk Industry issued an amended regulation, F-22, which purported to prohibit the wholesale delivery of milk on Sunday in all sections of the State except certain shore areas. In portions of the excepted areas wholesale deliveries were to be permitted from May 15 through September 15 on every day of the week; in the off season—September 16 through May 15—such deliveries were to be allowed on six days a week, one of which could be Sunday; in other sections such deliveries were permitted six days a week the year round, without limitation as to Sunday. Plaintiff, who operates in the non-shore area of the State, attacked the regulation as arbitrary and discriminatory. We agreed with that view, but, because of uncertainty as to whether our criticism of the rule had extended beyond the contentions raised before the Director and discussed in the briefs of the parties, we decided to remand the record, if desired by the Director, to enable him to add any available pertinent facts in support of his action. *In re Regulation F-22, Office of Milk Industry, New Jersey,* 30 *N. J.* 335 (1959). Upon his application, that course was followed. The appeal was

retained, however, pending the submission to us of such supplemental proof and any further findings which might be deemed appropriate.

A short time later, after notice, a hearing was held. The notice given to the public and to the industry expressed, in broad terms, that a further hearing was to be had as to the

"reasonableness of allowing 7 day summer deliveries in the northern part of the shore area as against only 6 day summer deliveries in the southern part of the shore area; the reasonableness of allowing Sunday winter deliveries in the shore area while not permitting it anywhere else in the state in winter; and the reasonableness of excluding the shore area from the provision for relaxation in particular cases because of hardship."

At the hearing, very little new factual material was introduced. Representatives of the Milk Dealers Association of Northern New Jersey, the South Jersey Milk Dealers Association, and the Dairy Processors and Handlers of New Jersey, Incorporated, testified generally with respect to Sunday wholesale deliveries. The sum of their assertions was that such deliveries are not necessary except in the summer months, that they burdened the industry with excessive expense without an appreciable increase in sales, that only a few dealers in fact deliver on Sunday, and that a restriction on that day serves the cause of the consumer and the industry. All of them suggested that in the interest of uniformity, F–22 be revised to ban Sunday wholesale deliveries everywhere in the State except during the summer period. At the conclusion of the hearing, there was discussion with respect to this recommendation and the Director indicated he would consider it. Counsel for plaintiff objected to any such change. But he offered no testimony with regard to it, nor did he request an adjournment of the hearing to enable him to produce any proof in addition to that which he had introduced in the earlier proceedings. Counsel was informed, however, that in deciding whether to accept the suggestion for revision, all of the testimony previously offered in plaintiff's behalf would be reviewed.

Thereafter, the Director amended F-22 as follows, to give it a uniform application throughout the State:

"1. No wholesale deliveries may be made on Sunday between September 16 in any year and June 14 in the following year."

The revision was accompanied by certain extremely general findings of fact which seemed to be designed largely to explain the reasons for the action. The effect of the change was to render unnecessary any further consideration of the appeal which had been retained by us. Plaintiff, however, being of the view that the new regulation was also invidiously discriminatory against its business and beyond the statutory authority of the Director, asked and was granted leave to attack it on the existing record, augmented by the new evidence and findings of fact. No request was made for leave to adduce further evidence in support of the claim of invalidity either before the Director or by depositions. The Attorney General having interposed no objection to the pursuit of such a course rather than the institution of an independent appeal under *R. R.* 4:88–8, we agreed to render a decision on that basis.

The issue thus presented is whether the Director has authority to promulgate a rule barring wholesale deliveries of milk on Sunday except in the summer season from June 15 through September 15.

The Office of Milk Industry is a creature of statutory origin. All authority possessed by it stems from that source, *i. e., N. J. S. A.* 4:12A–1 *et seq.* It consists of the powers expressly granted which in turn are attended by those incidental powers which are reasonably necessary or appropriate to effectuate the specific delegation. *Rainier's Dairies v. Raritan Valley Farms, Inc.,* 19 *N. J.* 552 (1955). Among other things, the Director is empowered to "adopt, promulgate and enforce all rules, regulations and orders necessary to carry out" the provisions of the act. *N. J. S. A.* 4:12A–20. Regulations issued pursuant to that section are cloaked with a presumption of validity, and unless clearly

*ultra vires* on their face, the person attacking them has the burden of proving otherwise.

Section 21 of the act confers authority on the Director to

"fix the price at which milk is to be bought, sold, or distributed; regulate conditions and terms of sale; establish and require observance of fair trade practices; supervise, regulate and control the entire milk industry of the State of New Jersey, including the production, importation, classification, processing, transportation, disposal, sale or resale, storage or distribution of milk as defined in this act in the State of New Jersey in those matters and in every way necessary to carry out the purposes of this act and necessary to control or prevent unfair, unjust, destructive or demoralizing practices which are likely to result in the demoralization of agricultural interest in this State engaged in the production of milk or interfere with the maintenance of a fresh, wholesome supply of sanitary milk for the consumers of this State; * * *." *N. J. S. A.* 4:12A–21.

■ There can be no doubt that the production, sale, and delivery of milk are affected with a public interest because of their relation to the health and welfare of the people, and so are proper subjects for legislative regulation. Transportation and distribution are specifically mentioned in the statute and obviously are factors which enter into the overall regulatory problem. *Garden State Farms v. Armstrong,* 31 *N. J. Super.* 61 (*App. Div.* 1954). Aside from other pertinent considerations, manifestly it is less expensive to deliver wholesale milk on six days a week than on seven. The witnesses so testified and the fact is sufficiently obvious to be indisputable.

■ The amended regulation now represents an unqualified state-wide policy. It treats alike all persons similarly situated. All those who are engaged in the wholesale delivery of milk are subject to the same Sunday injunction. The discrimination which infected the earlier F–22 and which prompted us to declare it invalid is no longer present. Since transportation and delivery are matters which the Legislature has authorized the Director to control, and since there is no arbitrary selection of dealers to be subjected to

the application of the regulation, it cannot be said to be contrary to the statutory grant of power on its face. Accordingly, the ultimate question is whether plaintiff has overcome the *prima facie* validity of the *new* rule.

In seeking to resolve that problem, we have examined the additional testimony and statements and re-examined the record retained in this court. No useful purpose will be served by including herein a resume thereof. It is sufficient to say that we find no substantial support for a conclusion that plaintiff's burden has been sustained and that F–22, as amended, has been demonstrated to be *ultra vires*.

The action of the Director of the Office of Milk Industry is affirmed.

*For affirmance*—Chief Justice WEINTRAUB, and Justices BURLING, JACOBS, FRANCIS, PROCTOR, HALL and SCHETTINO—7.

*For reversal*—None.